**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **ANDREA UHL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:18-CV-3907 |
| | ) |
| **PINNACLE TREATMENT** | ) |
| **CENTERS IN-I, LLC** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Andrea Uhl ("Uhl") brings this action against Pinnacle Treatment Centers IN-I, LLC ("Pinnacle"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Payment Statute, I.C. § 22-2-5 *et seq.* Pinnacle violated the FLSA by failing to pay Uhl the overtime premium required under federal law. Pinnacle violated Indiana law by failing to timely pay Uhl her earned wages. Specifically, it is Pinnacle's practice and policy to automatically deduct 30 minutes from its hourly employees' pay per twelve-hour shift to account for an unpaid 30-minute lunch break. However, despite this practice and policy, Uhl rarely, if ever, was able to take an uninterrupted 30-minute lunch break during her twelve-hour shifts. As a result, Pinnacle failed to pay Uhl for all overtime hours she worked under the FLSA and failed to pay Uhl all her earned wages under the Indiana Wage Payment Statute.

## PARTIES

2. Uhl is an individual who resides in Wayne County, Indiana. She was employed by Pinnacle within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Uhl was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Pinnacle is a Delaware limited liability company doing business in Wayne County, Indiana. Pinnacle acted, directly or indirectly, in the interest of an employer with respect to Uhl. Pinnacle is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

4. This Court has jurisdiction over Pinnacle because Uhl brings claims arising under federal law. This Court has supplemental jurisdiction over Uhl's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

6. At all times hereinafter mentioned, Pinnacle has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. At all times hereinafter mentioned, Pinnacle has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or

employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

8. At all times hereinafter mentioned, Uhl was an employee engaged in commerce or in the production of goods for commerce.

## FACTS

9. Pinnacle owns and operates an addiction treatment center in Cambridge City, Wayne County, Indiana commonly known as Recovery Works Cambridge City.

10. Uhl has been employed by Pinnacle from approximately Mary 2016 to the present.

11. Uhl is currently employed by Pinnacle as an Addiction nurse and is paid on an hourly basis.

12. Uhl began her employment with Pinnacle as an Addiction Nurse in approximately May 2016 with a base hourly rate of pay of $21.00 an hour.

13. For a brief period of time during her employment, Pinnacle gave Uhl the position of Residential Aid Director. During that time, Uhl was paid a salary. After that short period, Uhl was returned to her position of Addiction Nurse. At present, Uhl serves in her position as Addiction Nurse and is paid a base hourly rate of pay of $21.40 an hour.

14. Throughout her employment with Pinnacle, Pinnacle paid Uhl on a bi-weekly basis.

15. Uhl was not exempt from the overtime provisions of the FLSA.

16. Throughout her employment with Pinnacle, Uhl regularly worked in excess of forty (40) hours in a single workweek but was not paid the FLSA required overtime premium for her hours worked in excess of forty (40) in a single workweek.

17. Specifically, Uhl typically worked from 7:00 a.m. to 7:30 p.m. three days a week plus one additional day per week where she would work four or more hours that additional day.  As a result, typically worked 41.5 or more hours per week.

18. It is Pinnacle's practice and policy to automatically deduct 30 minutes from each employee's clocked hours worked during shifts of twelve or more hours.  For example, when Uhl works a shift in one day from 7:00 a.m. to 7:30 p.m., Pinnacle automatically reduces her hours worked by 30 minutes. Thus, for each of these shifts, Uhl was only paid for 12 hours as opposed to her recorded 12.5 hours. During these 12.5 hour shifts, Uhl rarely, if ever, received a full 30-minute uninterrupted lunch break. As a result, Uhl has not been paid the overtime premium for all overtime hours worked and has not been paid all her earned wages under Indiana law.

19. Pinnacle knew or had reason to know that Uhl regularly worked hours for which she received no compensation.

20. Pinnacle knew or had reason to know that Uhl worked hours in excess of forty (40) in a single workweek and for which she received no compensation.

21. By refusing to pay Uhl at least one and one half her regular rate of pay for her hours worked in excess of forty (40) in a single workweek, Pinnacle did not pay Uhl the overtime premium required by the FLSA.

22. By refusing to pay Uhl all her earned wages for all her hours worked throughout her employment, Pinnacle has failed to timely pay Uhl her earned wages in accordance with Indiana law.

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. Uhl hereby incorporates by reference Paragraphs 1-22 of this Complaint.

24. During the relevant time period, Pinnacle has violated and is violating the provisions of 29 U.S.C. § 207 by failing to comply with the overtime requirements of the FLSA.

25. Pinnacle acted intentionally, willfully, or with reckless disregard to the rights of Uhl as protected by the FLSA.

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq*.

26. Uhl hereby incorporates by reference Paragraphs 1 – 25 of this Complaint.

27. During the relevant time period, Pinnacle has violated and is violating provisions of Indiana Code §§22-2-5 *et. seq.* by failing to timely pay Uhl's wages.

28. Pinnacle's refusal to timely pay Uhl her earned wages was in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Uhl respectfully requests that this Court enter judgment against Pinnacle and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Pinnacle liable for unpaid back wages due to Uhl, in addition to liquidated damages equal in amount to the unpaid compensation due to Uhl;

b. An Order pursuant to I.C. §§ 22-2-5 *et. seq.* finding Pinnacle liable for unpaid earned wages due to Uhl, plus liquidated damages double in amount of the unpaid wages found due to Uhl;

c. An Order awarding Uhl costs of this action;

d. An Order awarding Uhl her reasonable attorney's fees;

e. A Declaration and finding by the Court that Pinnacle willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Suite 220
Carmel, Indiana 46032
Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-Mail: rob@indianawagelaw.com

Attorney for Plaintiff