## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENDERAL RELEASE (hereinafter referred to as the "Agreement") is made and entered into by and between Andrea Uhl (as used herein, "Uhl" includes herself and her agents, heirs, executors, administrators, successors and assigns) and Pinnacle Treatment Centers, Inc. and its parents, subsidiaries, shareholders [in their capacity as such], officers, directors, agents, predecessors, successors and assigns and benefit plans (hereinafter collectively referred to as "Pinnacle") for the following purpose and with reference to the following facts:

WHEREAS, Uhl filed an action against Pinnacle in the United States District Court for the Southern District of Indiana, captioned Uhl v. Pinnacle Treatment Centers, Inc., Civil Action No. 1:18-cv-3907-JRS-MJD ("the Lawsuit"), alleging violations of the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Statute in connection with her employment by Pinnacle; and

WHEREAS, Pinnacle has denied any and all liability for the claims alleged by Uhl; and

WHEREAS, the parties desire to make a full and final settlement of any and all of Uhl's claims and potential claims with respect to her employment or cessation of employment with Pinnacle and any and all claims made by Uhl in the Lawsuit without any judicial or administrative resolution of them, other than any required approvals, and without any admission with respect to any issues presented or capable of being presented;

NOW THEREFORE, intending to be legally bound and in consideration of the mutual promises contained herein and for other good and valuable consideration, the undersigned agree as follows:

1. <u>Settlement Amount</u>.  In exchange for signing this Agreement, including the waiver and release of claims contained in this Agreement, and the dismissal of the Lawsuit with prejudice as described fully below in Paragraph 2 and Paragraph 6, Pinnacle agrees to pay Uhl the total lump sum payment of Six Thousand Dollars ($6,000.00) in full settlement of all of Uhl's claims.  The settlement amount shall be paid in three (3) checks as set forth herein.  Uhl

-2-

agrees that this payment shall be inclusive of any and all costs and disbursements (including attorneys' fees) she has incurred in the Lawsuit. Within five (5) business days after the date on which the Court approves this Agreement as set forth below in Paragraph 6, Pinnacle shall deliver to Uhl's counsel, Robert Hunt, Esquire, three (3) checks, as follows:

(a) Pinnacle will pay ONE THOUSAND THREE HUNDRED FORTY-EIGHT DOLLARS AND FIFTY-FIVE CENTS ($1,348.55), less applicable legal deductions, by check payable to Andrea Uhl. This settlement amount shall be deemed and considered payment given in full settlement of Uhl's claims for back pay under the FLSA and Indiana state law, from which all applicable withholding taxes and deductions required by law shall be taken and for which a W-2 form shall be supplied.

(b) Pinnacle will pay ONE THOUSAND THREE HUNDRED FORTY-EIGHT DOLLARS AND FIFTY-FIVE CENTS ($1,348.55) by check payable to Andrea Uhl. This settlement amount shall be deemed and considered payment for liquidated damages and will subject to a Form 1099 as Box 3 "Miscellaneous Income" for this amount; and,

(c) Pinnacle will pay THREE THOUSAND THREE HUNDRED TWO DOLLARS AND NINETY CENTS ($3,302.90) by check payable to The Law Offices of Robert J. Hunt, LLC. This amount shall be deemed and considered payment given in full settlement of all claims for attorneys' fees and costs, and Pinnacle will issue the appropriate Form 1099 with respect to this amount, from which no deductions shall be taken.

(d) Uhl agrees to indemnify and hold Pinnacle harmless with respect to any taxes, penalties, fines or interest that may be assessed with respect to these payments, except with respect to Pinnacle's FICA responsibilities.

2. <u>Release</u>:  In exchange for the considerations provided for in this Agreement, Uhl waives, releases and gives up any and all claims and rights which she may have against Pinnacle and any of its past or present subsidiaries, affiliates, shareholders, benefit plans, or their respective successors and assigns (as well as their respective past or present officers, directors, agents, representatives or employees and their respective successors and assigns, heirs, executors, and personal representatives) (collectively, including, without limitation, Pinnacle, the

"Releasees"), based on any act, event, or omission occurring before the execution of this Agreement and arising out of or in connection with Uhl's employment with Pinnacle or its predecessors. Uhl specifically waives, releases and gives up any and all claims arising from or relating to her employment with Pinnacle or its predecessors based on any act, event, or omission occurring before the execution of this Agreement, including without limitation, any claims arising from violations of any federal, state or local fair employment practices or civil rights law, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, Executive Order 11246, the Family and Medical Leave Act, the Fair Labor Standards Act, 42 U.S.C. § 1981, the Indiana Criminal History Record Information Act, Indiana Wage Statute, any provision of any other law or ordinance, any claims pursuant to Pinnacle policies, contracts, or understandings and any claims arising out of her employment by, or separation from employment with Pinnacle or its predecessors predating the date of execution of this Agreement, and any and all other claims asserted or which could have been asserted in the Lawsuit, including any claims for counsel fees and costs other than that which is specifically set forth herein. Further, Uhl intends that this release shall discharge Pinnacle to the maximum extent permitted by law. This Agreement does not apply to claims arising after the effective date of this Agreement.

3. Uhl has been advised by Pinnacle that this Agreement does not prohibit Uhl from (a) filing an administrative charge of discrimination or other complaint with a governmental agency, such as the United States Equal Employment Opportunity Commission ("EEOC"), relating to Uhl's employment with Pinnacle or any of the other Releasees; or (b) participating in any investigation by the EEOC or other governmental agency. However, Uhl waives and releases, to the fullest extent permitted by applicable law, any and all entitlement to any form of personal relief arising from such charge or any legal action relating to any such charge. If the EEOC, any other administrative agency or other person bring a complaint, charge or legal action on Uhl's behalf against Pinnacle or any of the other Releasees based on any acts, events or omissions occurring on or before the date Uhl signs this Agreement, Uhl hereby waives any rights to, and will not accept, any remedy obtained through the efforts of such agency or person. Uhl represents and warrants that, as of the date of signing this Agreement, except for the

Lawsuit, she has not filed or submitted any complaint, charge or action of any kind in any forum, judicial, administrative or otherwise, against any of the Releasees which complaint, charge or action is currently pending against any of the Releasees with the EEOC, any other federal, state or local governmental agency or any court.

4. <u>Complete Bar</u>:  Uhl agrees that the parties released above in paragraph 2 may plead this Agreement as a complete bar to any action or suit before any court or administrative body with respect to any claim released herein.

5. <u>No Admission of Liability</u>:  This Agreement shall not be construed as an admission by Pinnacle of any violation of the law or any other wrongdoing or liability of whatever nature.  Uhl recognizes that Pinnacle expressly denies each and every one of the allegations of wrongdoing made by Uhl and specifically denies any liability whatsoever for any damages, injuries, or other claims by Uhl or which could be claimed by Uhl.  Pinnacle is entering into this Agreement solely because it is desirous of settling all of Uhl's claims and thereby avoiding further expense and inconvenience, and putting to rest the controversies between Pinnacle and Uhl.

6. <u>Judicial Approval of Settlement Agreement</u>:  Because Uhl's claim under the FLSA cannot be validly waived without court approval, the parties shall file a joint motion, in the form attached hereto as Exhibit A with this Agreement attached as an exhibit to the joint motion and filed in open Court, with the Court in the Lawsuit requesting that the Court approve this Agreement. Upon the Court's approval of this Agreement, the parties agree that (a) the Lawsuit shall be dismissed with prejudice, with each party bearing its own costs and attorneys' fees, and (b) the parties agree to take all necessary action to effectuate such dismissal with prejudice.  This Agreement is contingent upon the Court approving it.  If the Court declines to approve this Agreement, this Agreement is null and void, and Pinnacle will not have any obligation to make the payments specified in Paragraph 1.

7. <u>Successors and Assigns:</u>  Pinnacle and Uhl are bound by this Agreement and those who succeed to Uhl's rights and responsibilities, such as her heirs, the executor of her estate, or her personal or legal representatives, are also bound and this Agreement also inures to their

-5-

benefit.  This Agreement is made for the benefit of Pinnacle and all who succeed to its rights and responsibilities, such as any heirs, successors and assigns.

8. <u>Enforcement</u>:  Any party shall have the right specifically to enforce this Agreement, except for provisions which subsequently may be held invalid or unenforceable, and/or obtain money damages for its breach, including the prevailing party being entitled to reasonable attorneys' fees and costs.

9. <u>Acknowledgments</u>:

(a) Uhl represents that she has carefully read and fully understands all the provisions of this Agreement, that she is entering into this Agreement voluntarily, and that she has been advised in writing to consult with an attorney of her choice and at her expense before executing it.

(b) Uhl acknowledges that she was given a reasonable period from her receipt of this Agreement to consider its terms before executing it.

(c) Uhl acknowledges that she has been paid all earned and accrued compensation, less applicable deductions, for all hours worked and that apart from this Agreement, she is entitled to no other compensation or benefits from Pinnacle.

10. <u>Hold Harmless</u>:  Uhl agrees and acknowledges that this Agreement includes the settlement and release of, and Releasors' covenant to hold Releasees harmless for, any and all claims by Releasors against Releasees for costs, expenses, and fees associated with the Lawsuit, including without limitation, all counsel fees, expert fees, filing fees, and claims alleged or that could be alleged under federal or state common law or statute.

11. <u>Full Knowledge</u>:  The parties further warrant, represent and agree that in executing this Agreement, each does so with full knowledge of any and all rights which each may have with respect to Releasees or the Lawsuit.

12. <u>No Reliance</u>:  The parties further state that each is not relying and has not relied on any representation or statement made by the other with respect to the facts involved in said

controversies or with regard to Uhl's rights or asserted rights. Each party hereby assumes the risk of all mistakes of fact with regard to said controversies and with regard to all facts which are now relating thereto.

13. <u>No Assignment</u>: Uhl further warrants and represents that no other person or entity has any interest in the matters released herein and that Uhl has not assigned or transferred or purported to assign or transfer to any person or entity all or any portion of the matters released herein.

14. <u>Advice of Counsel</u>: The parties represent that each has availed themselves of the advice of counsel prior to signing this Agreement and is satisfied with their counsel's advice and that each is executing the Agreement voluntarily and fully intending to be legally bound because, among other things, the Agreement provides valuable benefits to each which each might otherwise not be entitled to receive. This Agreement is the result of negotiations between the parties and their respective attorneys, and no party shall be deemed to be the drafter of this Agreement. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any party

15. <u>Controlling Law</u>: This Agreement shall be construed in accordance with the laws of the State of Indiana to the extent not preempted by federal law.

16. <u>Counterparts</u>: This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original with respect to any party whose signature appears thereon and all of which shall together constitute one and the same instrument. Signature by facsimile or other electronic means shall be considered sufficient.

17. <u>Entire Agreement</u>: This Agreement sets forth the entire agreement of the parties, supersedes and extinguishes any and all prior statements, agreements, representations or understandings by or among the parties to this Agreement, and may not be modified or amended except in writing, executed by all of the parties, with the exception of the mediation agreement which is incorporated herein by reference.

[Remainder of page intentionally left blank]

IF "

-7-

IN WITNESS WHEREOF, expressly intending to be legally bound hereby, Andrea Uhl and Pinnacle Treatment Centers, Inc. have executed this Settlement Agreement and General Release on the dates indicated below.

_____
Andrea Uhl

_____
Date


Pinnacle Treatment Centers, Inc.

By: _____
    Title: _____
    Date: _____

IF "